IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WANDA GRAHAM,

    Plaintiff,

v.              CIVIL ACTION NO. 2:09-cv-01321

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion for Summary Judgment [Docket 21] filed by Defendant, the United States of America (the "Government"). For the reasons set forth below, the Government's motion is **DENIED**.

*I. BACKGROUND*

On July 14, 2006, Plaintiff Wanda Graham ("Plaintiff") fell in the entry way of the Spring Hill Post Office in South Charleston, West Virginia, and sustained injuries to her left shoulder. The precise circumstances surrounding her fall are unclear; however, it is undisputed that the accident occurred on a rainy day, and that a floor mat was located in the post office's entry way. Plaintiff's complaint alleges that the floor mat was "turned up" when she entered the building, catching her foot and causing her to trip.

Pursuant to the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, Plaintiff first filed an administrative claim for her injuries with the United States Postal Service, which was denied by letter dated October 5, 2009. Plaintiff timely filed the instant lawsuit

on December 8, 2009, alleging a single cause of action against the United States for negligence. Specifically, Plaintiff argues that the Post Office negligently failed to provide a safe entrance to its facility.

On December 15, 2010, the Government filed the instant motion for summary judgment, arguing that Plaintiff's claim for negligence is factually unsupported. Plaintiff responded in opposition on December 28, 2010, and the Government replied on December 30, 2010. The motion is now ripe for the Court's review.

## II. APPLICABLE LAW

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, it is well established that the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party

to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.*

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. DISCUSSION

Plaintiff's sole cause of action against the United States is for negligence. Pursuant to the FTCA, the United States is liable in tort to the same extent as a private individual under the law of the place where the act or omission occurred. *See* 28 U.S.C. § 2674; *see also Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). In order to establish a negligence claim in West Virginia, Plaintiff is required to prove: (1) that the Government owed her a legal duty; (2) that the duty was breached; (3) that Plaintiff was injured; and (4) that the injury was proximately caused by the Government's negligence. *Neely v. Belk, Inc.*, 668 S.E.2d 189, 197 (W. Va. 2008) (quoting *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939)).

Both parties acknowledge that Plaintiff was a non-trespassing entrant on the post office premises and was thus entitled to a "duty of reasonable care under the circumstances." Syl. Pt. 4,

*Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999).[1] This duty stems largely from issues of forseeability and public policy, *id*. at 446-47, and does not require a property owner to become "an insurer of the safety of an invited person present upon such premises." *Hawkins v. U.S. Sports Ass'n, Inc.*, 633 S.E.2d 31, 34 (W. Va. 2006) (per curiam). In that vein, an owner's duty does not extend to remedying "obvious dangers" such as "defects or conditions which should be known to the invitee or which would be observed by him in the exercise of ordinary care." *McDonald v. Univ. of W. Va. Bd. of Trustees*, 444 S.E.2d 57, 60, 61 (W. Va. 1994) (per curiam). Accordingly, "in order to establish a prima facie negligence claim in a slip and fall case, 'the invitee must show (1) that the owner had actual or constructive knowledge of the foreign substance or defective condition and (2) that the invitee had no knowledge of the substance or condition or was prevented by the owner from discovering it.'" *Hawkins*, 633 S.E.2d at 36 (quoting *Eichelberger v. United States*, No. 104-cv-45, 2006 WL 533399, *4 (N.D. W. Va. Mar. 3, 2006)).

The Government rests the entirety of its motion for summary judgment on the allegation in Plaintiff's complaint that she was "unable" to see the placement of the entry mat when she entered the post office; as she admittedly failed to observe the so-called "obvious danger" of the allegedly

---

[1] In evaluating whether the Government has met its burden of reasonable care, the trier of fact must consider:

> (1) [T]he foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the the Government to guard against injury.

*Mallet,* 522 S.E. 2d at 447. The Court notes that "[w]hile some of the *Mallet* factors may have application in a premises liability action at the summary judgment stage, the *Mallet* factors were intended to be used by a jury in determining liability." *Story v. Worden*, 557 S.E.2d 272, 275 (W. Va. 2001). Accordingly, the Court need not individually analyze these factors at this stage of the proceedings. *Id.*

twisted mat, the Government argues that she has effectively plead herself out of court. Plaintiff responds that there are numerous factual issues surrounding her entry onto the post office premises which render summary judgment inappropriate. The Court agrees.

Beyond the simple statement in the complaint that Plaintiff was "unable" to see the mat when she entered the post office, the Government has pointed to almost no facts in support of its position. Nothing in the complaint describes how or why Plaintiff was "unable" to see the mat, and the record is completely unilluminating on the issue of whether Plaintiff's inability to see the allegedly upturned floor mat was the result of her failure to exercise "ordinary care." *McDonald*, 444 S.E.2d at 61. As Plaintiff points out, the record in this case contains numerous triable, and disputed, issues of fact which warrant further development in front of the fact finder. Accordingly, as the Government has wholly failed to demonstrate the absence of a genuine issue of material fact that would entitle it to judgment as a matter of law, its motion for summary judgment on Plaintiff's negligence claim is **DENIED.**

### III. CONCLUSION

For the reasons noted above, the Government's Motion for Summary Judgment [Docket 21] is **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 20, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE